UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN MOORE, <br> BRAD TRUITT, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES CARROLL, <br> INTEGRATED BIOMETRIC <br> TECHNOLOGY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 3:23-cv-00984 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| SUSAN AMRICK, <br> MICHAEL MCALLISTER, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES CARROLL, <br> INTEGRATED BIOMETRIC <br> TECHNOLOGY, <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER GRANTING
JOINT MOTION FOR FLSA SETTLEMENT APPROVAL

The Third Joint Motion of Plaintiffs Johnathan Moore, Brad Truitt, Susan Amick, and Michael McAllister ("Plaintiffs"), and Defendants Charles Carroll and Integrated Biometric Technology ("Defendants") for Settlement Approval [Doc. No. 59]. Having considered the entire record, Joint Motion, and Settlement Agreement [Doc. No. 59-1], the Joint Motion is hereby **GRANTED**.

This Court must scrutinize a proposed FLSA settlement to determine whether it is a "fair

1

Case 3:23-cv-00984   Document 60   Filed 07/22/25   Page 1 of 3 PageID #: 525

and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1355 (11th Cir. 1982). "In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute." Lynn's Food Stores, 679 F.2d at 1354.

Regarding the fairness and reasonableness of the proposed settlement, courts may consider several factors, including: (1) plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See, e.g.,* Nader v. Springs Window Fashions, LLC, 660 F. Supp. 3d 625, 627-28 (E.D. Mich. 2023).

Based upon the record, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute. The Settlement Agreement was negotiated and agreed upon in an adversarial context, both sides are represented by experienced counsel, and the agreed-upon resolution represents a fair and reasonable compromise of the FLSA claims given the factual disputes in the case, the uncertainty associated with proceeding to trial, and most of all, it provides meaningful relief to Plaintiffs that exceeds what could have been recovered under the FLSA.

Accordingly, the Court **GRANTS** final approval of the Settlement Agreement, adjudging its terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions. The Court further approves Plaintiffs' counsel's request for attorneys' fees and

expenses.

The Parties shall file no later than 10 days from the date of this Order, a stipulation of dismissal with prejudice, dismissing the claims of Plaintiffs Jonathan Moore, Brad Truitt, Susan Amick, and Michael McAlister and acknowledging this Court's continuing and ongoing jurisdiction of the Parties' settlement, in accordance with the Settlement Agreement.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE